HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-07-145-01</u> |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| FEDERICI, Italia | : | Disclosure Date: <u>October 12, 2007</u> |

**FILED**
DEC 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_Kartik K Ra_____     10/26/07_____
Prosecuting Attorney                                Date

### For the Defendant
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____     _____
Defendant          Date                       Defense Counsel   Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>October 26, 2007</u>, to U.S. Probation Officer <u>Renee Moses-Gregory</u>, telephone number <u>(202) 565-1348</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:  Gennine A. Hagar, Chief
     United States Probation Officer

Receipt and Acknowledgment                                        Page 2

See letter of 10/26/07, faxed to Probation Office and defense counsel.

                                    Signed by: _Karthik K Ram_____
                                               (~~Defendant/Defense Attorney~~/AUSA)

                                    Date:      10/26/07



**U.S. Department of Justice**

Criminal Division

---

*Public Integrity Section*  
*Criminal Division*  
*10th & Constitution Avenue, N.W.*  
*Washington, D.C. 20530*

*Telephone (202) 514-1412*  
*Facsimile (202) 514-3003*

October 26, 2007

<u>Via Facsimile (202) 273-0242</u>

Ms. Renee Moses-Gregory  
United States Probation Officer  
United States District Court  
District of Columbia  
333 Constitution Avenue, NW  
Washington, D.C. 20001

    Re:    <u>United States v. United States v. Italia Federici, CR 07-145</u>

Dear Ms. Moses-Gregory:

    We have reviewed the initial Presentence Investigation Report (PSI) in the above-referenced matter. As explained more fully below, we believe the offenses to which Ms. Federici pleaded guilty -- one count of Tax Evasion, 26 U.S.C. § 7201, and one count of Obstruction of Justice, 18 U.S.C. § 1505 -- are "closely related" and should thus be grouped under Guidelines § 3D1.2( c), 3D1.3(a), and 3D1.4 (one unit; no increase in offense level), resulting in a Combined Offense Level of 14. Consequently, Ms. Federici should fall at Level 12 after 2 points are deducted for Acceptance of Responsibility.

    Drawing upon the Factual Basis for Plea, Paragraphs 33-37 of the initial PSI describe the facts underlying the Obstruction of Justice offense. However, the Factual Basis for Plea does not set forth all of responses made by Ms. Federici during the Senate's Investigation, including several of those made during the October 7, 2005 Senate Interview and the November 17, 2005 Senate Hearing. Indeed, on both dates, Ms. Federici was asked to testify about both her relationship with Jack A. Abramoff and J. Steven Griles, but also CREA's financial operations and business practices, including her payment of taxes. Ms. Federici's responses to questions on these topics should thus be included in the final PSI, as they have bearing on the grouping issue.

    Indeed, as reflected in the Senate Hearing transcript we previously provided to you, Ms. Federici made the statements to which she pleaded guilty, but also several others that were not charged, but which are nonetheless relevant to the Grouping analysis. Consequently, the tax and obstruction offenses group because the two offenses are intertwined and are part of the same overall common plan or scheme.

For instance, during her November 17, 2005 Hearing testimony, Ms. Federici did not testify fully and truthfully when questioned by the Senators about CREA's financial operations and business practices, including tax issues. By way of example, when asked the following questions on pages 48-9, she gave the following materially false statements:

Q: Ms. Federici . . . let me ask you, has any of the funding that has come to the [Internal Revenue Code Section 501] (c)(4) [non-profit organization] that you are involved in been used by you personally or for political purposes?

A: I pay myself a salary. We have salaries.

Q: Beyond a salary, you have not converted that to personal use in any way, and you have not used it for political purposes?

A: . . . No. . . . .

Q: Have you ever made any use of the money for purely personal expenses for [sic] [or] campaign work-related contributions?

A: Do you mean did I ever write a CREA check for a campaign?

Q: That was the question, or any for purely personal expenses?

A: No; not to the best of my recollection. No.

While the Factual Basis for Plea did not specifically reference the above-noted false statements, these statements and the underlying conduct were part of Ms. Federici's overall scheme or plan, which included both perjury and tax evasion. The perjury not only obstructed the Senate's investigation, but also served to conceal Ms. Federici's failure to properly segregate her finances from CREA's finances, and her receipt of unreported income, which was the basis of the tax evasion charge. Put simply, the facts of the case are that Ms. Federici and CREA's then vice-president withdrew money from CREA for personal use in lieu of paying themselves regular salaries and reporting those wages to the Internal Revenue Service, and Ms. Federici perjured herself when she made the above-noted false statements about those failures.

Additionally, the final PSI should also note that during her October 7, 2005 Senate Interview, Ms. Federici was similarly questioned about CREA's financial operations and business practices, including tax issues. Indeed, pages 17, 18, 19, and 24 of the Interview transcript, in addition to other portions of the transcript, further exemplify why the offenses should be grouped.

Furthermore, the offenses group because of Application Note 5 to Section 3D1.2 (Grouping of Closely-Related Counts), which discusses when conduct is a specific offense

characteristic of the other offense (i.e., obstruction of justice as an offense characteristic of evasion). Application Note 5 provides that obstruction of justice groups with the tax offenses, providing "however, a count such as obstruction of justice, which represents a Chapter Three adjustment and involves a different harm or societal interest than the underlying offense, is covered by subsection ( c) even though it is not covered by subsection (a)."

Should you have any questions, please feel free to contact me at (202) 616-5535.

Sincerely,

*Kartik KR*
10/26/07
Kartik K. Raman
Trial Attorney
Public Integrity Section

cc:   Jonathan N. Rosen, Esq.
      Noam B. Fischman